**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2316

MENSAH YAWA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-087-096)

Submitted:  June 30, 2006          Decided:  August 1, 2006

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Chuck Rosenberg, United States Attorney, Lawrence R. Leonard, Managing Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mensah Yawa, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals adopting and affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Yawa challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Yawa fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Yawa's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Yawa fails to show that she

is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Yawa failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Yawa failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>